UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TEDDY B. SMITH,<br><br>              Plaintiff,<br><br>   v.<br><br>HOME DEPOT USA, INC., and DOES I-X,<br><br>              Defendants. | Case No. 1:10-CV-106-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

After an unsuccessful attempt to resolve the present discovery dispute through mediation on October 12, 2010, plaintiff Smith was directed to file a motion to compel, and the parties submitted briefs on the issue. After examining those briefs, the Court will grant the motion for the reasons expressed below.

## ANALYSIS

### Event Descriptions

This is a product liability action in which plaintiff Smith alleges that he was injured by a defective ladder manufactured by Krause and sold by defendant Home Depot. In the motion to compel, Smith seeks discovery from Home Depot on past claims of incidents involving Krause ladders. Specifically, Smith seeks disclosure of the "event

**Memorandum Decision & Order – page 1**

description" information contained in Home Depot's database corresponding to claims listed in the Krause ladder past claims spreadsheet already provided by Home Depot. Home Depot objects, claiming that the request is too broad and irrelevant since the claims cover all uses and types of Krause ladders, not just those involved in this case. Home Depot also argues that the request is overly burdensome.

The Federal Rules of Civil Procedure creates a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quotations omitted). Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *See* Fed.R.Civ.P. 26(b)(1). Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The 2000 amendments to Rule 26 created two categories of discoverable information, one as a matter of right and one conditional on proof of good cause. The Committee Notes to Rule 26 indicate that discovery of similar incidents falls under the category of discovery available as a matter of right, and is not dependent on a showing of good cause: "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard." Thus, under Rule 26, evidence of similar incidents is discoverable even if not admissible so long as it is reasonably calculated to lead to the

**Memorandum Decision & Order – page 2**

discovery of admissible evidence.

Home Depot argues that the information sought is too broad and irrelevant to the present case because Home Depot sold Krause Multi-Matic ladders of different lengths and with different locking mechanisms, and that each model's susceptibility to the specific defect alleged in this case varies dramatically. These arguments, however, bear on whether the past claims are admissible, not on whether they are discoverable.

The law on *discovery* concerning similar incidents relevant to a claim or defense does not require that the similar incidents be identical to be relevant. The Committee Notes on Rule 26 plainly suggest that incidents "of the same type, or involving the same product" are discoverable under the rule. All the claims included on the past claims spreadsheet involved folding Krause ladders with a hinged release bar. *See Plf Br.* at 2; *Workman Depo*. 28:1-2 (past claims spreadsheet contained results of search performed with terms "Krause," "ladder," "articulating," and "multimatic"). It is reasonable to believe that within this group of claims is the possibility of a claim involving factual circumstances identical to Smith's or claims with some identical characteristics – similar claims that may lead to the discovery of admissible evidence.

Even if the event descriptions do not reveal an identical case, the broad discovery rules in federal court allow Smith a chance, albeit reasonably calculated, to search for admissible evidence. Smith identifies at least four areas of admissible evidence that his request is reasonably calculated to lead him to find.

Home Depot also argues that their database does not contain the information

**Memorandum Decision & Order – page 3**

necessary to establish that the claims were the same or similar to Smith's. But through discovery, Smith does not seek to *establish* whether the claims were, in fact, the same or similar but seeks to discover evidence that will be admissible at trial. The request does not need to uncover admissible evidence itself, but merely lead to the discovery of admissible evidence. Even if the information necessary to establish that the claim was similar is not contained within the event description, it is reasonable to believe that the event descriptions will lead to the discovery of the necessary information. Therefore, for purposes of discovery, the event descriptions of the past Krause ladder claims are relevant and must be disclosed.

Home Depot also argues that the discovery request is overly burdensome because it would take one work day to incorporate the event descriptions into the claim spreadsheet. This argument is unconvincing. According to Aubrey Workman, the paralegal that performed the database search for Home Depot to create the first past claims spreadsheet, he was able to access an event description column when he queried the "other incident report" to create the first spreadsheet. *Workman Depo*. 28:22-25. Describing the procedure for accessing the information in the database, Workman said that they "input some information . . . for the query and it spits back out what we request." *Workman Depo*. 27:14-15. Smith simply requests a copy of the spreadsheet that includes the event description column that Workman was able to access the first time he ran the report, and which Home Depot redacted. This task does not appear to require one day of work. *See id*.

**Memorandum Decision & Order – page 4**

Additionally, since Home Depot has provided examples of a list containing the "event description" information in their Response, generating such an independent list appears possible without incorporating it into the previous spreadsheet. *See Dft. Br.* Ex. 7-8. Smith can certainly cross-reference the original sheet or incorporate the event descriptions himself if Home Depot provides a list in that format.

Finally, Home Depot argues that Smith has not shown any effort to determine similar past claims with the information Home Depot has already provided, and that absent a showing of effort to locate that evidence, the demand on Home Depot is overly burdensome. The law does not require Smith to make such a showing of investigative effort before requesting discovery. While a request for information *already* in Smith's possession may be deemed overly burdensome, Smith has not yet received the event description information contained in Home Depot's database. Further, Home Depot assumes that the information contained in the database can be uncovered through Smith's investigation. However, Smith's request is for the information *as it is recorded* in Home Depot's database. This information is unlikely to be uncovered through Smith's independent investigation. Therefore, producing the information contained within the "event description" column is not overly burdensome on Home Depot.

For all these reasons, the Court will compel Home Depot to disclose the event description information corresponding to the past Krause ladder claims spreadsheet already disclosed to Smith.

## 2. 30(b)(6) Deposition

**Memorandum Decision & Order – page 5**

Smith also moves to compel a discovery response from Home Depot. Specifically, Smith seeks a designation of a person from the Home Depot organization to sit for a 30(b)(6) deposition on the topics of: (1) Home Depot's knowledge of the Krause ladder claims, the Krause ladder claims list, and corrective actions taken by Home Depot, and (2) Home Depot's knowledge of Krause ladder safety issues, Krause ladder safety assessments, Krause ladder safety analyses, and any corrective action by Home Depot. Smith argues that Home Depot is required to produce a witness who is knowledgeable about the Krause ladder claims, who can be made knowledgeable, or at the very least who is knowledgeable about Home Depot's lack of information about the above topics.

Home Depot responds that they do not employ anyone with first-hand knowledge of Krause ladder history, and that the only employees with knowledge of the Krause ladder issues are attorneys. However, Smith argues persuasively that Home Depot's lack of knowledge about Krause ladders is just as important as any knowledge they may have. Smith seeks a witness who can testify to the state and extent of Home Depot's knowledge of the Krause ladder issues discussed above. If first-hand knowledge does not exist and the remaining employees are covered by privilege, Smith seeks a witness who can testify to that status. Smith is entitled, under Rules 26 and 30(b)(6), to the designation of a witness from Home Depot to testify about Home Depot's knowledge of the Krause ladder issues, regardless of the extent of the witness' knowledge. It is reasonable to believe that the witnesses sought will provide testimony that leads to the discovery of admissible evidence because they will testify about Home Depot's knowledge, or lack of knowledge,

**Memorandum Decision & Order – page 6**

of issues with the Krause ladders.

Home Depot also argues that information about its corrective action is not relevant to the case. Again, Home Depot makes arguments about evidentiary relevance and the admissibility of the evidence at trial. As discussed above, the standard for relevance during discovery is far broader and encompasses any information reasonably calculated to lead to the discovery of admissible evidence. Even if the information sought is not legally relevant, it is reasonable to believe that the depositions concerning Home Depot's possible corrective actions will lead to the discovery of admissible evidence.

For these reasons, the Court will compel Home Depot to designate a person or persons from their organization with the knowledge requested by Smith in their motion to sit for a deposition to take place within 30 days of the below date.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 18) is GRANTED.



DATED: **November 5, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge